Filed 4/25/13  P. v. Green CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F064656 |
| v. | (Super. Ct. No. BF139591A) |
| DARCY DEMONE GREEN, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Louis P. Etcheverry, Judge.

Harry Zimmerman, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

_____
*        Before Cornell, Acting P.J., Gomes J., and Franson, J.

Appellant, Darcy Demone Green, pled no contest to assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)), admitted a great bodily injury enhancement (Pen. Code, § 12022.7), and was sentenced to a seven-year term. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm.

## PROCEDURAL AND FACTUAL HISTORY

Green lived with his brother Gregory Deandre. On December 2, 2011, Green was drinking when he became suicidal and upset over the electricity at the residence being shut off. After getting into an argument with Deandre, Green stabbed him with a knife in the neck, chest and arms. Green was subsequently arrested by police officers who arrived on the scene. Green told the officers he was tired of getting beat up and acted in self-defense and that he just wanted to "cut him a little."

On December 6, 2011, the district attorney filed a complaint charging Green with attempted murder (count 1/Pen. Code, §§ 664 & 187) and assault with a deadly weapon (count 2). Each count also alleged a personal use of a weapon enhancement (Pen. Code, § 12022, subd. (b)(1)) and a great bodily injury enhancement. Count 1 also alleged that the attempted murder was willful, deliberate and premeditated (Pen. Code, § 189).

On December 20, 2011, Green pled no contest to the assault charge and admitted the great bodily injury enhancement in that count in exchange for the dismissal of the remaining count and allegations and a stipulated seven-year term.

On March 16, 2012, Green filed a motion to withdraw his plea alleging that he was coerced into entering a plea when he overheard the district attorney tell the court that the victim was "in and out of a coma" and that he did not think the victim "was going to make it."

On March 29, 2012, the court heard and denied Green's motion to withdraw his plea. It then sentenced Green in accord with his plea bargain to a seven-year term, the

upper term of four years on Green's assault conviction and a three-year great bodily injury enhancement.

Green's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*Wende*, *supra*, 25 Cal.3d 436.) Green has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.